UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 17-cr-172-01 |
| -vs- | JUDGE DRELL |
| EDDIE KENDRICKS JACKSON | MAGISTRATE JUDGE PEREZ-MONTES |

### MEMORANDUM RULING AND ORDER

Before the Court is Defendant Eddie Jackson's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Section 3582"), (Doc. 549). The Government filed an opposition to the motion, and the fifteen-day allotment for Jackson's response to the Government's opposition has lapsed. Therefore, the motion is ripe for consideration. Upon consideration of the arguments proffered by Defendant and the Government, the motion for a reduction in sentence will be **DENIED WITHOUT PREJUDICE.**

**I.   BACKGROUND**

On November 21, 2018, Eddie Jackson pleaded guilty to one count of conspiracy to distribute methamphetamine. (Doc. 350). The pre-sentence investigation report, prepared by the U.S. Probation and Pretrial Services for the district, named a range of 324 to 400 months of imprisonment under the U.S. Sentencing Guidelines (the "Guidelines"). (Doc. 437). Jackson's three prior convictions, namely armed robbery, possession with intent to distribute cocaine, and distribution of a Schedule I controlled substance, resulted in the Court's finding that he should be sentenced as a career offender as defined under Section 4B1.1(a) of the Guidelines. Ultimately, Defendant was sentenced to 300 months imprisonment (a downward departure from the

Guidelines), which was made after thoroughly considering the factors outlined in 18 U.S.C. § 3553(a). (Doc. 431).

Defendant filed the instant motion for a reduction in sentence on December 27, 2022, renewing an argument that he raised on appeal, *i.e.*, this Court improperly sentenced him as a career offender. (Doc. 549). Jackson re-urges his contention that the Louisiana Legislature's enactment of the Raise the Age Act of 2018 bars this Court from considering the nonviolent criminal convictions he received before his twenty-first birthday when determining whether, under the Guidelines, he qualifies as a career offender. (Doc. 549). The Fifth Circuit, however, affirmed this Court's sentencing of Jackson under the career offender enhancement, citing the law's express prospective character as evinced by its definition of a child as "any person under the age of twenty-one . . . who commits a delinquent act" (a) before turning 17; (b) "*on or after March 1, 2019, when the act is not a crime of violence . . . and occurs before the person attains eighteen years of age.*" United States v. Jackson, 786 F. App'x 476, 477 (5th Cir. 2019) (quoting LA. CH. CODE art. 804(1) (2018)) (emphasis added). Jackson claims that he filed a request for a sentence reduction under Section 3582 on November 17, 2022 with the warden at Federal Correctional Institution Three Rivers ("FCI Three Rivers") in Live Oak County, Texas. (Doc. 549). Defendant, however, did not attach proof to support his claim that he made such a request.

On February 1, 2023, the Government filed its opposition to the instant motion. In it, the Government argues that it contacted the Bureau of Prisons ("BOP"), and BOP denied having any documentation that Jackson filed a request for a reduction in sentence. (Doc. 551).

## II.    LAW & ANALYSIS

Because Defendant failed to prove that he exhausted all administrative remedies available to him before seeking modification of his sentence, this Court cannot rule on the merits of the

motion because Defendant failed to satisfy the exhaustion precondition. Generally, federal courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Before Congress passed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), federal courts lacked the power to adjudicate motions for compassionate release, or those motions filed by inmates for sentence modification under Section 3582. Now, however, can reduce an inmate's term of imprisonment upon his request. 18 U.S.C. § 3582(c)(1)(A). The amended version of Section 3582 provides inmates two options for pursuing such relief.

Motions for sentence reduction may be filed by either (1) the BOP Director at an inmate's request or (2) by the inmate himself upon full exhaustion of his administrative remedies. 18 U.S.C. § 3582(c)(1)(A). The statute provides that a court may *not* consider any modification to a defendant's sentence under Section 3582 unless a motion for such a modification is procedurally proper. Id. Additionally, the Fifth Circuit clarified that exhaustion of all administrative rights of appeal is a nonjurisdictional claims-processing rule. United States v. Franco, 973 F.3d 465, 468 (5th Cir. 2020); see also Fort Bend Cnty., Tex.v. Davis, 139 S. Ct. 1843, 1849 (2019) (noting the distinction between jurisdictional rules and non-jurisdictional claims-processing rules is that the latter "seek[s] to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times") (quoting Henderson v. Shinseki, 562 U.S. 428, 435 (2011) (internal quotation marks omitted)). Because the administrative exhaustion provision is a nonjurisdictional claim-processing rule, Section 3582 is set out in mandatory terms, and "this mandatory language includes no exceptions, equitable or otherwise." United States v. Koons, F. Supp. 3d 285, 289 (W.D. La. 2020). Thus, because the Government has properly raised the issue of exhaustion, the Court does not have the discretion to excuse a movant's failure to exhaust his administrative remedies.

In the case at bar, the Government argues that Jackson has not provided proof that he exhausted his administrative remedies with the warden at FCI Three Rivers. (Doc. 551). The Government further claims that it was advised by BOP that there is no record of Jackson filing a request for the Director of the BOP to file a motion for sentence reduction on his behalf. (Doc. 551). Based on this information, the Government requests that this Court deny the motion for failure to comply with the mandatory exhaustion requirement. (Doc. 551).

Ultimately, the burden of proving exhaustion rests with Jackson. Jackson alleges that he submitted a request to the warden of FCI Three Rivers and even references an attached exhibit—"Exhibit A." (Doc. 549). However, no exhibits were attached to his filing. Jackson also did not file a reply in response to the Government's opposition and its assertion that he failed to exhaust. Without more, we must find that Jackson has not exhausted his administrative remedies—a mandatory precondition under Section 3582. Thus, this Court will **DENY** the instant motion.

### III.  CONCLUSION

For the foregoing reasons, Defendant's motion for a reduction in sentence pursuant to Section 3582 will be **DENIED WITHOUT PREJUDICE**. Should Defendant properly exhaust his administrative remedies and furnish proof reflecting the same, he is free to re-urge his motion for this Court's consideration.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 6 day of March 2023.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT